The composition of the panel for this morning's case is comprised of Judge Lurie, Judge Stoll, and me, Judge Chen. Due to a respiratory infection, Judge Lurie elected to not come in and sit at the bench today, but he is watching and listening to all arguments today. So, counsel, you should be assured that you do have a full composition, taking in everything you say as you say it today. So, with that said, we will start with today's first appeal, which is appeal number 17-1815, Winters v. O'Rourke. Mr. Carpenter, you've elected five minutes for rebuttal, right? Yes, sir. Okay. Please begin whenever you're ready. May it please the Court, Kenneth Carpenter appearing on behalf of Regina Winters. Mrs. Winters, in this case, has carried her burden to prove that she was a prevailing party in her application for equal access to Justice Act fees in the proceedings below. The record of proceedings before this Court clearly shows that there was an administrative error made by the Board in this case by having not provided to Mrs. Winters the required notice as to whether or not her August 2013 letter constituted a request for reconsideration for a separate Board decision. And that is required by the Veterans Court decision in Ratliff, which is at 26 Vedat 356. Mr. Carpenter, just so I can understand some of the background here, why is it that some of these various claims were coming to the Board in different vehicles? You know, there's a 2013 Board decision, there's a 2014 Board decision. As the Veterans Court noted, there seemed to be some, at least the facts of these claims are inextricably intertwined, making the claims intimately related. And so I'm just trying to understand why aren't they all somehow rolled up into one vehicle that would come through the Board and up to the Veterans Court, instead of the Veterans Court being caught in a situation where it was faced with seeing one set of claims from one Board decision and deciding that the best thing to do would be to coordinate all of the pending claims so that they're all resolved at the same time, so that if there's any dispute, it would get appealed to the Veterans Court all together at the same time. Well, Your Honor, I'm not sure I can explain that. I was not counsel below or counsel before the agency. But I can say, based upon my experience in this area, that what happens in cases is that issues get separated in the adjudication process before the agency, and so they end up on different tracks. But that's not really what happened in this case. What happened in this case is we have a Board decision in which Mrs. Winters was denied the issue in that particular Board decision, and then she sent in a letter. That letter, under the Ratliff decision, required the Board to inform Mrs. Winters that that letter could have been considered as a motion for reconsideration, and inquire as to whether she wishes reconsideration, and then decide, if she does, whether there should be reconsideration. That's where the administrative error occurred in this case, because the Board failed to respond to that August 2013 letter, and that failure allowed the second issue to come up, which had been separated, which is dependent legally on the disposition of the earlier Board decision. Why is it that Mrs. Winters didn't just, I guess, ping the Board and ask the Board for a status on her pending reconsideration letter? I'm not sure I can offer an explanation other than her lack of sophistication. I don't know whether she was represented by counsel and understood the nuance, the need to make a specific request for reconsideration. I guess my point is, assuming that she sincerely believed that that was a letter requesting reconsideration of the 2013 Board decision, and she hadn't heard anything back from the Board after a period of time, why wouldn't the more natural thing to do would be to ask the Board for a status on her pending reconsideration letter, rather than filing an appeal to the Veterans Court? As I understand the facts of this case, she was not represented by the counsel that represented her at court, and it was not until the counsel that represented her before the Veterans Court looked at the file to recognize the legal significance of that August 2013 letter. So I think before that time, she was simply unaware of the potential implications and would have had no reason to make that request. Would it have been possible for her to have, if she wanted to, waive her Ratliff rights, if you will, and say, you know, I suppose it's true that my letter that I sent to the Board could have been construed as a motion for reconsideration, but instead, here I am, I'm already at the Veterans Court, and I want to stay here. Could she have done that? Well, she could have done that, but as I understand the facts of this case, the earlier decision that was unfavorable is dependent, or excuse me, the later decision is dependent upon the earlier decision. The decision on special monthly compensation only works for an earlier effective date if she can prevail on the accrued benefits claim that was denied in the earlier decision. So that's the reason why the two decisions are inextricably intertwined? That's correct. That's correct. Could you talk about Gurley, and then I know E.D. is non-presidential, but I guess the government is making an argument that your case is very much like those cases in the sense that what is really going on here in the Veterans Court's judgment is an interest in judicial efficiency and having all claims, all disputes that are inextricably intertwined. To be presented to the Veterans Court in a single appeal so that it can handle it at one time rather than have to do piecemeal litigation. And so in that sense, that was apparently in the Veterans Court's judgment what it was facing with the various claims Mrs. Winters had through these different board decisions. So in that sense, why did the Veterans Court get it wrong in essentially following the rationale of Gurley and E.D.? Well, one, they didn't apply either of those two decisions. They applied the underlying Gurley decision from the Veterans Court and a Zubri decision from their jurisprudence. But they did not, and that was one of the complaints in our appeal, rely upon the jurisprudence from this court, which would have included the succeeding Gurley case. But now we have had intervening decisions in both Dover, which was decided before this case, as well as the decision in Robinson that was just decided last week. The difference is that Gurley, there was no concession of error by the secretary. The secretary clearly made a concession of error, and that was the reason that the court remanded to the board and that these issues became inextricably intertwined. They would not have been inextricably intertwined but for that notice error. Gurley, wasn't there a joint motion to remand? There was. The parties acknowledged that the right thing to do would be to send it back in order to, quote unquote, comply with Harris? Yes. And so therefore, it was the same overall problem that we have here in the sense that the board denied one claim on the merits and remanded some other claims on the merits, thereby leaving the Veterans Court in this situation where it didn't really have a final resolution on all pending claims. Right. But there was no administrative error in Gurley. There is an administrative error in Gurley that was expressly conceded, or excuse me, in Gurley, in this case, where there was no such administrative error in Gurley. And that's the Ratliff error. That's the Ratliff error, the notice error. And that is what makes the difference between why Gurley does not apply in this case and why this court's decisions in Davis and Thompson apply in this case and control and allow Mrs. Winters to meet her burden to prove that she was the prevailing party below. The government says that the Ratliff error is, as I understand it, what they're saying is that that's not an error on the merits. It's a notice error. And so that is different than the other cases that you were talking about. How do you respond to that? That that simply is not the law. The law in this court is controlled first by Motorola and then by a series of cases that follow Motorola that recognize that a remand from an agency, excuse me, a appeal from an agency decision, excuse me, is different from an appeal from a non-administrative agency decision. And that under the administrative remand from the appeal of an administrative agency, what is required is that the remand contain administrative error, that the court does not retain jurisdiction, and that the remand instructions specifically require action by the board on remand, which is obviously the case here to give the Ratliff notice. Has the VA, I don't recall, responded to Mrs. Winters in giving her a status on how they interpret that letter that she submitted in response to the 2013 board decision? I have not been informed of that, Your Honor. I'm not representing her in the proceedings below. The attorney that represented her before the agency is doing that. It is my understanding that the agency normally does not proceed while there is an issue on appeal. And so it would not surprise me that no action has been taken. Mr. Carpenter, you're into your rebuttal. Do you want to save it? I would, yes. Okay, very good. Mr. Rosenberg? May it please the court, Gurley and Eadie control the outcome of this case. In both of those cases, this court recognized. Unless we were to conclude, like Mr. Carpenter wants us to, that there was an administrative error by the failure to provide a Ratliff notice. So let's talk about this Ratliff issue. First of all, we conceded a fact that we had not provided Mrs. Winters notice about the nature or status of her August 2013 letter. We did not concede an error in the sense that we did not agree that there was an error committed. So that distinguishes this case from the court's prior cases where the VA conceded an error and the conceded error was the basis for... Did the Veterans Court find an error? No, Your Honor. The Veterans Court did not find an error. And in its Egypt order, it referred to the alleged Ratliff violation as a claimed error. So there was no finding of error and no decision upon the merits of the underlying entitlement to accrued benefits or any other benefits. Do you know if Mrs. Winters has now received the so-called Ratliff notice? Your Honor, it's not in the record. But after the case was remanded by the Veterans Court, the board in February of 2016, I believe it was 2016, treated her letter as a motion for reconsideration and ultimately denied it on its merits. And that was then appealed to the Veterans Court, and it's still pending before the Veterans Court now. They did ultimately respond to her about the nature of her letter. They treated it as a motion for reconsideration, and they denied the motion on its merits. Ratliff, the whole point of Ratliff is to ensure that a claimant doesn't inadvertently lose her right to appeal an adverse board decision because she sends something that may not ultimately qualify as a motion for reconsideration to the RO or to the board. It's a protective rule, and it's self-effectuating. So in the absence of notice from the board, the right to appeal is not extinguished. So Ratliff here worked exactly as it was intended, and Mrs. Winter's appeal right was never in jeopardy of the earlier decision. But more to the point, the only matter before the Veterans Court here was the July 2014 decision. That decision was final, irrespective of the fact that the June 2013 decision was non-final. The Veterans Court could have ruled on the merits of the July 2014 decision, and it didn't do that. Despite the party's request that the court do so, it exercised its discretion in light of Henderson and Harris to remand these matters that were inextricably intertwined with matters that were pending before the board. Go ahead. I heard Mr. Carpenter say that the Ratliff notice itself is what resulted in the cases being inextricably intertwined. Do you agree with that? No, Your Honor. The later decision, the July 2014 decision, dealt with special monthly compensation and an entitlement to accrued benefits for any claim that she prevailed upon for special monthly compensation. I think Mr. Carpenter must be saying that if the board had done what it was supposed to do by providing the Ratliff notice, then the board would have acted on the reconsideration letter and then would have issued a reconsideration decision. Let's presume it would have been a denial. And then at that point in time, I suppose the 2014 board decision would also be out, and then therefore the 2014 board decision appeal to the Veterans Court would not have been quote-unquote premature. And so if only the board had provided the Ratliff notice and done what it was supposed to do, which is to act on the reconsideration letter, the 2014 board decision would not, in the eyes of the Veterans Court, have been a premature appeal because it didn't, for failing to wrap up all the pending claims in front of the board. So part of the problem with that argument is that Ratliff doesn't prescribe how the board is supposed to treat a possible motion for reconsideration. So if the Veterans Court had had jurisdiction to order the board to provide the notice, and it did not have that authority because it didn't have jurisdiction over the appeal, but if it did, and it did order the board to provide the notice required by Ratliff, what would result? It wouldn't tell the board to treat it as a motion for reconsideration or not. And so it's possible that the Ratliff notice would say we are going to treat it as a motion for reconsideration and we will rule on it in due course. And the earlier decision would still be non-final, which is why we say in our brief, even if the alleged Ratliff error were corrected on a remand by order of the Veterans Court, it would have no effect on the finality of the June 2013 decision. But all of that is sort of irrelevant because the issue is whether the Veterans Court, in remanding the decision over which it did have jurisdiction, did so because of some error in that decision or that affected that decision. And nothing about the alleged pendency of a Ratliff notice affected the finality of the decision before the Veterans Court. It didn't affect the merits of the Veterans Court's decision concern, or pardon me, the board's July 2014 decision. And so when the Veterans Court decides that it's not going to wade into the factual thicket that may overlap or that it concluded as a factual matter overlapped with an earlier decision, that was an exercise of the Veterans Court's discretion not to do so. It had the authority to do so, and it chose not to exercise that authority. One of the things we'd like to point out is that this court has never found that a party prevailed for purposes of EJA in the absence of an agency error that affected the merits of the administrative issue. And there has been no error here, let alone a showing of clear error, let alone a showing that the alleged error under Ratliff rendered, or rather that a clear error under Ratliff clearly was the reason for the remand. The Veterans Court made a factual determination that these issues were inextricably intertwined. The Veterans Court then made another factual determination that it was in the interest of judicial economy not to resolve these issues separately, and then exercised its authority to remand the issues. There is no law, rule, regulation, or decision that required the Veterans Court to decide those inextricably intertwined matters at the same time. We cite the case of Boyd in our briefs that makes that point. This court's decision in Elkins v. Goebers, the 2000 case, also recognizes that claimants aren't required to bring their claims at the same time, the board is not required to adjudicate claims at the same time, and the Veterans Court is not required to resolve appeals at the same time, because that's just not the nature of the Veterans Claims process. So for these reasons, if the court doesn't have any further questions, we ask that the court affirm the decision below. Just so I understand the process, why isn't the board obligated to consider all inextricably intertwined pending claims at the same time? It used to be that the inextricably intertwined issues deprived the board of jurisdiction, pardon me, the Veterans Court of jurisdiction of appeals of board decisions, and in 2009, the Veterans Court overruled that precedent. And the reason is because in the effort to have these administrative claims adjudicated quickly, even if they overlap with earlier claims or related claims, an earlier decision that confers benefits gets money in the hands of claimants and veterans sooner than otherwise, and it may be that some change in the calculus later on the basis of some later board action will increase those benefits or affect those benefits, but the goal is not to hold up the system and hold up an adjudication of benefits because it might overlap with something else. If that was the standard, then veterans and claimants might not get paid for a very, very long time because of the nature of the way claims are raised and adjudicated. So that's why there's no legal obligation for the board to resolve inextricably intertwined matters at the same time, but it may make sense in many cases for the board to do that, but it's not a legal requirement. It's a potential consideration. Thank you, Your Honor. I'd like to begin by addressing the notion of a distinction between the concession below as a concession of fact as opposed to a concession of error. At appendix 81, which is page 11 of the board's, excuse me, of the court's merit decision below, the court said given the secretary's concession that the board did not comply with the procedures outlined in Ratliff-Supra, the court agrees that the board's July 24, 2014 adjudication of the appellant's claims was premature. Now, Your Honors, that's not a concession of fact. That's a concession of error. The later board decision, the board decision that Mrs. Winters was forced to appeal in this case, was premature because the other board decision was not final. The government stood up here, candidly said that decision was not final and has now disclosed that in fact they've denied the motion for reconsideration and that issue is on appeal. So there still can't be a decision by the board on the remanded issue of the board decision that was on appeal until that case is resolved. Once that case is resolved, then the board can proceed. Mrs. Winters was forced to appeal a denial of the last decision. That decision was found and conceded to have been prematurely made. The entire purpose of EJIA is to... Isn't that what happened in both Gurley and EDIE in the sense that we had a board decision that with closely related claims where one claim was denied, some claims were remanded, and therefore the veteran in both of those instances was forced to file an appeal on the denial, the claim that was denied in order to preserve that claim. But like here, the Veterans Court concluded that was premature because it needed to have all claims in front of it at the same time. That's correct, and what differentiates this case factually from the cases in Gurley and EDIE is that there was no finding of administrative error. We assert that the Veterans Court decision should be read as an implicit finding of error based upon the concession. That the concession was there was not the notice required by Ratlin. That made the decision on appeal premature. That made these claims inextricably intertwined. The government can't have it both ways. If these cases are inextricably intertwined, then there was an administrative error. If there was an administrative error, I'm sorry, Mrs. Winters is a prevailing party. As to the question of merit issue and administrative error and this court having not reached that, this court didn't reach it directly in the recent Robinson case, but it did cite the recent Supreme Court case in, I believe it's CRTS. And in that case, they talked about the need in administrative proceedings, appeals from administrative agencies, that it not necessarily be a merit determination. And the government is correct. To date, there has not been such a decision. But I believe that this is a case in which the decision by the Supreme Court, as well as this court's decision in Robinson, would permit this court to make a non-merit determination as an administrative error basis for a prevailing party. Unless there's further questions from the court. Thank you. Thank you very much, Eric. The case is submitted.